NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Phillip DAVISSON, William Davisson, Oscar Scherrer and Warner Scherrer, d/b/a Scherrer and Davisson Logging Company, Respondents.

No. 14463.

United States Court of Appeals Ninth Circuit.

April 26, 1955.

Rehearing Denied May 25, 1955.

do not so regard it. Thus we have before us merely a question of credibility, which is not one for this court to resolve.

The findings of the Board are substantially supported upon the record considered as a whole.

A decree enforcing the order will accordingly be entered.

---

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Peter Bauer, Attys., N.L.R.B., Washington, D. C., for petitioner.

Patterson, Maxwell & Jones, Seattle, Wash., for respondents.

Before STEPHENS, HEALY and POPE, Circuit Judges.

PER CURIAM.

This matter is before us on petition of the National Labor Relations Board for enforcement of an order issued against respondents.

The charge made was that respondents, a logging concern, refused to hire one Cook because of his participation in strike activities, thereby discouraging membership in a labor organization in violation of section 8(a)(3) of the Act, 29 U.S.C.A. § 158(a)(3), and interfering with and coercing Cook in the exercise of rights guaranteed by section 7, 29 U.S.C.A. § 157, in violation of section 8(a)(1). The trial examiner found the charge to be sustained by the evidence. The Board approved the findings and entered the usual cease and desist order, requiring also an offer of employment to be made and compensation paid for lost earnings.

The evidence pro and con is in conflict throughout. That produced by the General Counsel would, if believed, not only support but would conclusively establish the truth of the charge made against the respondents. But the latter contend that the testimony accepted by the Board is inherently incredible. We